# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO SOLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. YATES, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00471-SMS PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT<br><br>(Doc. 23)<br><br>ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER SECTION 1915(G) |

**Screening Order**

**I.    Procedural History**

On March 5, 2007, Rolando Solis, a state prisoner proceeding pro se and in forma pauperis, filed a motion seeking the issuance of a court order mandating physical access to the law library at Pleasant Valley State Prison. This civil rights action was opened by the Sacramento Division of the Eastern District of California upon receipt of Plaintiff's motion, and transferred to the Fresno Division. On November 6, 2008, the Court issued an order denying Plaintiff's motion, and requiring Plaintiff to file a complaint within thirty days. After obtaining several extensions of time, Plaintiff filed a complaint on March 17, 2009.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

**III.   Discussion**

    **A.   Allegations**

In his motion seeking physical access to the law library, Plaintiff stated that his ability to research and bring a civil rights action under section 1983 was being impeded. In his complaint currently before the Court, Plaintiff alleges that his rights under the Eighth Amendment of the United States Constitution were violated by the failure of Defendant L. Garcia to permit him physical access to the law library to pursue a petition for writ of habeas corpus. Plaintiff names Defendant Garcia and Warden James Yates as defendants, and seeks damages and an injunction mandating that inmates on lock-down or modified program be provided with legal material.

    **B.   Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

1  the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995
2  (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth
3  Amendment, a prisoner must allege facts sufficient to support a claim that prison officials knew of
4  and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S.
5  825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

6  The denial of access to the prison's law library provides no basis for the pursuit of an Eighth
7  Amendment claim. The denial does not constitute a grave condition or a knowing disregard of a
8  substantial risk of harm to Plaintiff. The deficiencies in Plaintiff's Eighth Amendment claim are not
9  curable, and the claim shall be dismissed, with prejudice.

10  **C.     Claim for Denial of Access to Courts**

11  Plaintiff's motion, upon which this action was initiated, sought physical access to the law
12  library to research and bring a civil rights suit. Plaintiff did not re-allege that claim in his complaint
13  and now asserts his ability to pursue his habeas petition in federal court was hindered. Although
14  Plaintiff alleges only a claim for violation of the Eighth Amendment, a complaint of denial of access
15  to the law library implicates the constitutionally protected right of access to the courts and the Court
16  will therefore address such a claim.

17  Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518
18  U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).
19  The right of access to the courts is merely the right to bring to court a grievance the inmate wishes
20  to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis,
21  518 U.S. at 354. To bring a claim, a prisoner must have suffered an actual injury by being shut out
22  of court. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); Lewis at 351;
23  Phillips, 588 F.3d at 655.
24  ///
25  ///
26  ///
27  ///
28

Plaintiff filed a petition for writ of habeas corpus on February 9, 2007, in the Fresno Division, and he filed an amended petition on September 19, 2007.[1] The Court denied the amended petition on its merits, with prejudice, and denied a certificate of appealability on March 24, 2009.

At the time the complaint was filed in this action, Plaintiff's amended habeas petition was pending before the Court, and the answer, the traverse, and the supplemental traverse were filed. Plaintiff's complaint fails to allege he suffered any actual injury as a result of insufficient access to the law library or legal material, and a review of the proceedings in Plaintiff's habeas case compared to the timing of Plaintiff's complaint in this action does not support the existence of any actual injury in those proceedings.[2] Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for denial of access to the courts. Plaintiff was previously notified of the actual injury requirement, but did not cure the deficiency. Therefore, the claim shall be dismissed.

## VI.   Order

Plaintiff's complaint fails to state any claims for relief under section 1983. Based on the deficiencies at issue and in light of the fact that Plaintiff was previously provided with the applicable legal standard for access claims, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state any claims upon which relief may be granted under section 1983;

2. The Clerk's Office shall enter judgment; and

///

---

[1] Attached to Plaintiff's complaint is an order in his habeas case, number 1:07-cv-00221-JMD HC Solis v. Yates. (Doc. 23, Comp., exhibit at court record p. 22.) The Court takes judicial notice of the proceedings in that action. United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The order in Plaintiff's habeas case that is attached as an exhibit, dated September 19, 2007, addresses Plaintiff's request for a stay in the action because he was without his legal material. The Court granted Plaintiff an extension of time to file his traverse and denied the stay on the ground that Plaintiff could seek additional time if he needed it. The traverse was subsequently filed.

3.  This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   October 19, 2010**                    /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE