# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO SOLIS, | CASE NO. 1:07-cv-00471-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 28) |
| J. YATES, et al., | |
| Defendants. | |

_____/

Plaintiff Rolando Solis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 5, 2007.[1] On October 20, 2010, the Court dismissed this action, with prejudice, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff filed a motion for reconsideration on November 4, 2010.

Plaintiff requests that the dismissal and judgment be set aside, and his complaint be dismissed with leave to amend. Plaintiff describes his struggle with serious depression, anxiety, sleeplessness, and the inability to focus, and his recent diagnosis of attention deficit disorder. Plaintiff also describes his reliance on jailhouse lawyers, and his inability to obtain help in drafting his amended complaint. Plaintiff requests a "fair chance" to litigate his claims under section 1983 and for leave to file an amended complaint at a future time when he is able to draft one.

---

[1] Plaintiff filed a motion seeking a court order mandating physical access to the law library at Pleasant Valley State Prison. This civil rights action was opened by the Sacramento Division of the Eastern District of California upon receipt of Plaintiff's motion, and transferred to the Fresno Division.

1

1       Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

2   for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

3   prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

4   Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

5   omitted).  The moving party "must demonstrate both injury and circumstances beyond his control

6   . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in

7   relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

8   which did not exist or were not shown upon such prior motion, or what other grounds exist for the

9   motion," and "why the facts or circumstances were not shown at the time of the prior motion."

10      "A motion for reconsideration should not be granted, absent highly unusual circumstances,

11   unless the district court is presented with newly discovered evidence, committed clear error, or if

12   there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

13   present evidence for the first time when they could reasonably have been raised earlier in the

14   litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

15   2009) (internal quotations marks and citations omitted) (emphasis in original).

16      Plaintiff specifically alleged an Eighth Amendment claim arising from his inability to access

17   the law library, along with what the Court construed to be a claim for denial of access to the courts

18   arising from the hindrance of his ability to litigation his habeas action.  Plaintiff's claims were not

19   dismissed as a result of his failure to adequately articulate the claims.  Rather, the events complained

20   of do not provide a basis for the imposition of liability under section 1983.  Inability to access the

21   law library cannot, under any circumstance, support an Eighth Amendment claim.  Further, in light

22   of the procedural posture of Plaintiff's habeas petition at the time this action was filed, the Court

23   found no support for the existence of an actual injury and Plaintiff alleged no such injury.  Notably,

24   Plaintiff's motion for reconsideration sets forth no arguments or allegations supporting the existence

25   of any actual injury.  Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002).

26   ///

27   ///

28   ///

1   Instead, the motion focuses solely on obtaining another opportunity to amend.  The Court finds no

2   grounds presented that warrant setting aside the dismissal of this action.[2]

3           Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED.

4

5   IT IS SO ORDERED.

6   **Dated:     November 10, 2010**                            /s/ **Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
_____

24       [2] There is no right to counsel in this case.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  While
    the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), the Court will seek
25  volunteer counsel only in the most serious and exceptional cases.  Rand, 113 F.3d at 1525.  This requires an
    evaluation "of the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se*
26  in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).  Here,
    Plaintiff has not been unable to adequately articulate his claims and Plaintiff is unlikely to succeed on the merits.  Id.
27  Therefore, acknowledging Plaintiff's concerns his abilities and his asserted need for assistance from other inmates,
    this case is not appropriate for the appointment of counsel.

28

3